UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

LILY NELL WARREN,
          Defendant.

Criminal No.  05-621M-01 (AK)

**DETENTION MEMORANDUM**

The Defendant, Lily Nell Warren, has been charged by criminal complaint with attempted bank robbery in violation of 18 U.S.C. § 2113(a).  The government requested a detention hearing, which was held on November 23, 2005.  At the conclusion of the hearing, the Court found that the Defendant should be held without bond.  This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, Special Agent William Atkins with the FBI testified for the government. On Nov. 17, 2005, a white female entered the Wachovia Bank in the 1300 block of Eye Street, NW.  The woman told the teller that she had a gun and demanded $75,000.  The woman,

whom the government asserts is the Defendant, was apprehended while she was still at the bank.[1] Special Agent Etkins testified that he arrived at the bank after Ms. Warren had been arrested. Agent Etkins interviewed Ms. Warren after he arrived and reviewed the bank's security photos. According to Agent Etkins, Ms. Warren's clothes and general appearance matched that of the woman who attempted to rob the bank. Agent Etkins also testified that Ms. Warren was confused about what was happening and why she was at the bank.

## Discussion

Having heard the testimony at the November 23, 2005 hearing, the Court found that there is probable cause to believe that the Defendant committed bank robbery in violation of 18 U.S.C. § 2113(a). Where, as here, probable cause exists to believe that a Defendant committed a crime of violence, the government may seek pretrial detention on the basis that the Defendant poses a risk of flight or an unreasonable risk of danger to the community. 18 U.S.C. § 3142(f)(1)(A).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person . . . [or] the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846,

---

[1] Special Agent Fred Schmied prepared the affidavit regarding Ms. Warren's arrest. Agent Etkins adopted the affidavit for purposes of his testimony. According to the affidavit, an officer with the Metropolitan Police Department arrived while the Defendant was still standing at the teller window, waiting for the teller to comply with her demand note. The teller positively identified Ms. Warren as the person who attempted to rob the bank.

848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g). In this case, the government seeks detention on both grounds, that the Defendant presents a flight risk and would pose a danger to the community if released.

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with attempting to rob a bank by force or intimidation. Bank robbery is a crime of violence. Thus, the charges are most serious. The second factor, the weight of the evidence, also favors detention. The police apprehended Ms. Warren while she was still at the bank.

The third factor, the history and characteristics of the Defendant, strongly supports pretrial detention. The Defendant fled from New York City where she is currently on probation. She also has no ties to the D.C. area that could allow the Court to fashion acceptable release conditions. Finally, the Defendant suffers from mental health problems, including bi-polar disorder. This Court previously ordered Ms. Warren transferred from the D.C. Jail to the Correctional Treatment Facility for this very reason. The Defendant was physically present during the detention hearing, but at times appeared to be mentally absent. Defendant's counsel assured the Court that Ms. Warren understood the nature of the proceedings, but had not received medication for her bi-polar disorder. Given Ms.

Warren's history of flight and mental health problems, the Court finds that no condition or combination of conditions would assure her appearance at future court proceedings.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. As stated previously, the Defendant is charged with bank robbery, a crime of violence. Further, the Court believes that if Ms. Warren's mental health problems are left untreated, she would pose a serious danger to herself and others.

## **Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to herself and the community. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure Ms. Warren's safety or the safety of the community. The Court also finds by a preponderance of the evidence that no condition or combination of conditions can be imposed to assure Ms. Warren's presence at future court proceedings. Therefore, the government's motion for pretrial detention is granted.

Dated: November _28th_, 2005         ___/s/_____
                                      ALAN KAY
                                      UNITED STATES MAGISTRATE JUDGE