IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Mag. No. 05-621 (AK) |
| | ) | |
| **LILY NELL WARREN** | ) | |
| Defendant | ) | |

## DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR SPEEDY TRIAL VIOLATIONS

Defendant Lily Nell Warren, through undersigned counsel, respectfully moves this Honorable Court to dismiss the complaint pending against him pursuant to the Speedy Trial Act and Fed. R. Crim. P. 48(b). In support of his motion, defendant states the following:

### BACKGROUND

Ms. Warren was arrested on November 17, 2005 and has been incarcerated since that time. Her initial appearance took place on November 18, 2005 and a consolidated preliminary and detention hearing was held on November 23, 2005. At the detention hearing, Ms. Warren was ordered held without bond during the pendency of her case.

### ARGUMENT

I.   **The Complaint Against Ms. Warren Should be Dismissed as a Result of the Government's Speedy Trial Act Violation**.

Pursuant to 18 U.S.C. § 3161(b), "(a)ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested..." As Ms. Warren was arrested on November 17, 2005, the thirty-day period provided for by the Speedy Trial Act has expired. Ms. Warren not being aware of any indictment having been filed in her case, she moves this Honorable Court to dismiss the charges against her in accordance with 18 U.S.C. § 3162(a)(1).

In light of the fact that Ms. Warren has done nothing whatsoever to contribute to the delay in her case, she requests that her case be dismissed with prejudice. In determining whether a case should be dismissed with or without prejudice, the court must consider factors including (a) the seriousness of the offense; (b) the facts and circumstances of the case which led to a dismissal; and ( c ) the impact of re-prosecution on the administration of the Speedy Trial Act and the administration of justice.  Since the government has caused the delay in this case, it should be held accountable by a dismissal with prejudice.

**II.     The Complaint Against Ms. Warren Should ne Dismissed Pursuant to Fed. R. Crim. P. 48.**

Pursuant to Fed. R. Crim. P. 48, the Court can *sua sponte* "dismiss an indictment, information, or complaint if unnecessary delay occurs in...bringing a defendant to trial." For the reasons stated above, Ms. Warren maintains that there has been unnecessary delay in prosecuting her case and asks the Court to exercise its discretion and dismiss the complaint against her under Fed. R. Crim. P. 48.

## **CONCLUSION**

      For the reasons set forth above, as well as for any others the Court may deem just and appropriate, Ms. Warren asks the Court to grant his motion and to dismiss the complaint against her with prejudice.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_/s/_____
Lara G. Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C.  20004
(202)  208-7500