### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|                            |   |                          |
|----------------------------|---|--------------------------|
| **UNITED STATES OF AMERICA** | : |                          |
|                            | : | Mag. No. 05-621          |
| v.                         | : |                          |
|                            | : | (Appeal to the Chief Judge |
| **LILY NELL WARREN**       | : | pursuant to LCrR 57.14(7)) |
|                            | : |                          |
| **Defendant**              | : |                          |
| _____ | : |                          |

### <u>APPEAL OF THE UNITED STATES OF DISMISSAL WITH PREJUDICE</u>

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby appeals, pursuant to Local Rule 57.14(7), from the dismissal of this case, with prejudice, by Magistrate Judge Deborah A. Robinson, and states as follows:

1.  The defendant was arrested on November 17, 2005, in the act of attempting to rob the Wachovia Bank located at xxx xxxx x xxxxxx, Washington, D.C.  She was charged by complaint with one count of attempted bank robbery, in violation of Title 18, United States Code, Section 2113(a).

2.  On November 23, 2005, following a probable cause and detention hearing, Magistrate Judge Alan Kay found probable cause supporting the charge, and ordered the defendant held without bond, as a flight risk and a danger to the community. Significant mental health issues had been raised and were apparent, and the government believed -- apparently mistakenly -- that the defendant had requested a mental health evaluation, at the conclusion of the hearing.  Nevertheless, the government

-2-

proceeded, that day, to provide full discovery, pursuant to Rule 16, and extended a plea offer, by way of a six-page written proposed plea agreement.

3.  On January 17, 2006, Magistrate Judge Deborah A. Robinson issued an Order granting a defense motion to dismiss the complaint, "with prejudice."  The government did not receive notice of the defendant's motion,[1] and therefore had not responded.  In any event, it appears that Magistrate Robinson wrote by hand the word "unopposed" on the Order, which simply reads: "Upon consideration of the defendant's [unopposed] Motion to Dismiss, it is by the Court hereby ORDERED that defendant's Motion is GRANTED and that the complaint against her is dismissed with prejudice."  No further findings were made or basis given for the dismissal.  No reason is given for the Court's decision to dismiss with prejudice.

4.  Having now retrieved a copy of the defense motion, the government has learned that the basis for the dismissal was violation of the Speedy Trial Act, in that no Indictment was returned within 30 days of arrest.  *See* 18 U.S.C. §3161(b).

## Argument

Review of the jurisdiction and powers of a United States Magistrate Judge, as set forth at 28 U.S.C. §636, demonstrates

---

[1]  The Electronic Court Filing System does not list any counsel of record for the United States.

-3-

clearly that Magistrate Judge Robinson exceeded her authority in
dismissing the complaint with prejudice.  Section 636 does not
authorize a magistrate judge to make a final determination on a
defendant's motion to dismiss a complaint.  Indeed, a magistrate
judge is specifically prohibited from deciding "a motion . . . to
involuntarily dismiss an action."  28 U.S.C. §636(b)(1)(A).  Also
prohibited is the dismissal of an indictment.  Quite simply, a
magistrate judge lacks authority to enter an order constituting a
final disposition.  <u>United States</u> v. <u>Flaherty</u>, 668 F.2d 566 (1st
Cir. 1981).

The Local Rules are even more specific.  Under LCvR 72.1,
which sets forth the "Duties and Powers of Magistrate Judges,"
the only circumstance in which a magistrate can affect the final
disposition of a case is when requested to do so by a judge *and*
"on motion of the United States Attorney."  *See* LCrR 72.1(b)(2)
(relating to the dismissal of indictments).  No request was made
here, and no motion was filed by the United States.

The United States does not dispute that the defendant was
not indicted within the time limits set forth in the Speedy Trial
Act, 18 U.S.C. §3161(b).  However, there is no basis for
dismissal with prejudice, a remedy that is rare and extreme.  "A
district court is not required to dismiss an indictment with
prejudice for every violation of the Speedy Trial Act."  <u>United
States</u> v. <u>Mancia-Perez</u>, 331 F.3d 464, 468 (5th Cir. 2003),

-4-

*quoting* <u>United States</u> v. <u>Blevins</u>, 142 F.3d 223, 225, (5th Cir. 1998).  *Accord*, <u>United States</u> v. <u>Taylor</u>, 487 U.S. 326, 342 (1988).  And dismissal is not automatic; rather the Speedy Trial Act itself sets forth factors which must be taken into consideration:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors:  the seriousness of the offense, the facts and circumstances of the case that led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice.

18 U.S.C. §3162(a)(1).  "[T]he legislative history of the Act reveals that Congress rejected a sanction of outright dismissal with prejudice in favor of a compromise that requires a court to balance the three factors listed in §3162(a)(1)."  <u>United States</u> v. <u>Salgado-Hernandez</u>, 790 F.2d 1265, 1267 (5th Cir. 1986).

There is absolutely no evidence, here, that the magistrate judge considered these factors.  The dismissal order gave no indication that any analysis was done.  Indeed, consideration of these factors set forth in the Speedy Trial Act leads to an opposite conclusion.

First, the crime of bank robbery is a very serious offense, punishable by 20 years imprisonment.  An actual victim was put in fear by the defendant's actions and her statement (in the demand note) "I have a gun."  The guideline range for this offense

-5-

requires a significant term of incarceration.  *See* <u>United States</u> v. <u>Bittle</u>, 699 F.2d 1201, 1208 (D.C. Cir. 1983) (uttering forged Treasury checks and possessing stolen mail are serious offenses and dismissal *without* prejudice was proper).

Second, although the Government admits some negligence in allowing the time to pass without the return of an indictment, it cannot be said that the case was ignored or lay dormant.  The government had presented a witness at the detention hearing, at which time the parties discussed the defendant's mental health issues (leading to the Government's misunderstanding of the case status); the Government made full discovery in pursuit of a plea agreement; and a detailed plea offer was drafted and transmitted for the defendant's consideration.

Finally, the defendant is not prejudiced by the delay: she has not lost the opportunity to investigate and pursue defenses, and she has been released.  Conversely, the Government has secured no tactical or strategic advantage from the delay; it is the United States that is primarily administratively burdened if the case is re-brought, and any delay would be relatively short. This does not excuse the delay, it merely suggests that the sanction of dismissal *with prejudice* is too extreme.

"The defendant has the burden of proving that dismissal of his case pursuant to these factors is appropriate." <u>United States</u> v. <u>Mancia-Peres</u>, *supra*, 331 F.3d at 468.  The defendant

-6-

here has not and cannot meet that burden.  Moreover, the court

has not demonstrated that it made complete and appropriate

findings justifying dismissal with prejudice.

### Conclusion

For the foregoing reasons, the Government requests that this

Court vacate the Order of the magistrate judge, and substitute

the attached Order dismissing the action without prejudice.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar Number 451258


_____
BARBARA E. KITTAY
D.C. Bar Number 414216
Assistant U.S. Attorney
555 Fourth Street, N.W., Room 4846
Washington, D.C.  20530
(202) 514-6940
Barbara.kittay@usdoj.gov